### DR. C. C. BLAIR v. THE STATE.

#### No. 3238. Decided June 25, 1906.

#### Prescribing Drugs—Practitioner of Medicine—Indictment.

In a prosecution under the Act of the Twenty-ninth Legislature, section 2, page 45, an indictment which does not negative that the defendant, a physician, did not only not prescribe the drug in good faith, but also that he did not deem it necessary for the treatment of the drug habit, is fatally defective; because if morphine was deemed necessary for the treatment for the morphine habit by the physician, then he was not guilty under the law.

Appeal from the County Court of Tarrant. Tried below before the Hon. R. F. Milam.

Appeal from a conviction for unlawfully prescribing drug; penalty, a fine of $50.

The opinion states the case.

*Orrick & Terrell* and *Baskin-Dodge & Baskin,* for appellant.—On question of insufficiency of indictment: Salter v. State, 73 S. W. Rep., 395.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment was framed under the Act of the Twenty-Ninth Legislature, page 45, section 2, which prohibits certain parties from prescribing morphine and other narcotic drugs, under the provisions of said section, with the following proviso: "Provided, however, that the provisions of this section shall not be construed to prevent any lawfully authorized practitioner of medicine from prescribing in good faith for the use of any habitual user of narcotic drugs, such substance as he may deem necessary for the treatment of such habit." Motion in arrest of judgment was made because the indictment is insufficient, in that it fails to properly negative the exceptions in this statute. The charging part of the indictment is, as follows: "Did then and there unlawfully and knowingly furnish to and *subscribe* for the use of Ada Smith morphine, the said Ada Smith being then and there an habitual user of morphine, and the said Dr. C. C. Blair then and there well knew the said Ada Smith to be such an habitual use of said drug, and did not then and there prescribe the same in good faith for the use of said habitual user, contrary to the form of the statute, etc." The point of attack is on the allegation negativing the exception. A comparison of this negative averment with the terms of the proviso above quoted, in our judgment demonstrates the correctness of the criticism of the indictment. In order to bring appellant within the terms of this law, the indictment must allege such facts as make him amenable and if he comes within the terms of the proviso, he has not violated this statute. Those who are brought within the proviso are not within the terms of the inhibition because excepted from the punishable provisions of the act. In order to bring a party within the provisions of this act, it should have alleged not only that he did not prescribe it in good faith for the use of Ada Smith, but that he did not deem it necessary for the treatment of such habit. The good or bad faith is not the criterion. It is the good faith on the part of the physician prescribing the medicine or such substance as he may *deem necessary for the treatment of such habit*. If the prescription for the morphine was deemed necessary for the treatment of the habit of Ada Smith, then appellant is not within the purview of the statute, and is exempted by the terms of the law. The mere fact that he may or may not have given it in good faith is not sufficient. The good faith is measured by what the party prescribing deems necessary for the treatment of the habit. If the morphine was necessary for the treatment of the "habit," the giving of it was not violative of the statute.

We are of opinion that this indictment is not sufficient, and the motion in arrest should have been sustained. Therefore the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

Brooks, Judge, absent.